FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TX
2017 NOV -1 PM 1:58

Keith E. Hottle
KEITH E. HOTTLE, CLERK

**BEXAR COUNTY JUDICIAL DISTRICT JUSTICE**
**FOURTH COURT OF APPEALS**
300 Dolorosa #3200
San Antonio, TX 78205

| | | |
|---|---|---|
| CARLOS ANTONIO RAYMOND | ) | TRIAL CASE #  2015-CV-00935 |
| Appellant | ) | APPEAL # 04-17-00061--CV |
| VS | ) | |
| MARTIN JOSEPH ROY, | ) | |
| PIZZA VENTURE OF SAN ANTONIO, LLC | ) | |
| Appellee | ) | DATE: OCTOBER 30, 2017 |

MOTION TO CORRECT OR MODIFY THE RECORD PURUANT TO APPELLATE RULE 10(e)

Appellant, Carlos Antonio Raymond, prose, hereby moves this Court to correct the record. In support of this motion, Appellant RAYMOND states as follows:

1. In both Appellant's AMENDED AND REPLY BRIEFF, Appellant made reference to the only witness secured and called by Pizza Venture at trial. Appellant referred to such witness as MARTHA LONSTON, and the record should be corrected to read,  Ms. ANDREA STARKS, Pizza venture Operations Assistant.

2. To recap previous points of argument, Pizza Venture failed to adequately and sufficiently address the relevant testimony of Ms. Andrea Starks and the evidentiary Papa John's Pizza DUTY ROSTERS in its brief. This Duty Roster was admitted into evidence and is believed to be fabricated (made) up to deceive the jury.

3. All along and throughout the pre-trial and discovery proceedings, Pizza Venture adamantly and vehemently insisted and asserted that MARTIN JOSEPH ROY was " not schedule to work on the day of the accident. Ms. Andrea Starks' testified to a DUTY ROSTER that was admitted into evidence on the day of trial. She also testified that MARTIN JOSEPH ROY was not "listed on such duty roster, thus he was not scheduled to work on the day of the accident."

4. Now, in complete contradiction, Pizza Venture has now briefed, " The driver of the other vehicle, Roy, was apparently on his way to his job at a Papa John's pizza restaurant owned by Appellant Pizza Venture, where Roy worked as a pizza delivery person.

1

5. His shift was schedule to begin at 6: 00 Pm....suggesting he may have been running late" Pizza Venture' new confession fully corroborates and supports Raymond's version of the fact. RAYMOND would like to offer this brief observation. As a former Papa John's pizza delivery person, himself. If someone is not scheduled to work and was not on a scheduled duty roster, then there it make absolutely no sense, and Pizza Venture FAILED to explain why MARTIN JOSEPH ROY was "running late on his way to his job a Papa John pizza restaurant."

6. Appellant RAYMOND would like to correct the record in that the accident occurred somewhere, on or about, 4:30 PM, and there would have been evidence (Witnesses and Police Crash Report) to prove that, but Pizza Venture hide, concealed or destroyed such [EXCULPATORY] evidence.

7. Finally, Pizza Venture went out of his way to called the San Antonio Police Officer, Clint Laskowski to testify at trial. Officer Clint Laskowski NEVER DID physically "drove by and visited ROY's work place", as his testimony postulated. Instead, he refreshed his memory from his police report on record, and he could not have possibly remembered such detail information without his note.

8. Pizza Venture did not provided advance written notification that he was deviating from the discovery witness list and would not be calling those witness listed therein. Otherwise, Appellant could not have known otherwise. Appellant was under the impression that the trail could have lasted at least one week in order for each of the long names of witness to testify. The trial ended so swifly that their were very little time react. Appellant was emotionally and mentally agitated all though the trial resulted from the MISSING EVIDENCE and judicial error in this case.

FINAL CONCLUSION: Pizza Venture assertion that he was under no obligation to call any witness subsequently called two wittnesses, (1) MS. ANDREA STARKS and officer (2) CLINT LASKOWSKI. Pizza Venture slept and waited until the ELEVENTH HOUR to assert a WAIVER AFFIRMATIVE DENFENSE should fail and rejected by this court,

Respectfully submitted,

Carlos Antonio Raymond, Prose

2

# CERTIFICATE OF SERVICE

**STATE OF: TEXAS**

**COUNTY OF: BEXAR**

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I Carlos Antonio Raymond duly swore and certify under the penalty of perjury that I have served this document Page | 3 10(e) on all other parties by U.S. Postal Service CERTIFIED MAIL RECEIPT: 7015 1520 0003 2553 7110 to each of the following on this date, August 14, 2017.

GREG R. BROWN
Attorney At Law For The Defendant
Germer Gertz Beaman & Brown, L.L.P.
301 Congress Avenue, Suite 1700
Austin, Texas 78701

Before me this day personally appear, Carlos Antonio Raymond who being duly sworn, deposes and says: A copy of the document(s) entitled, ADDENDUM TO FEPLY BRIEF

_____
Carlos Antonio Raymond
Type Of Identification: TX DL NO. 21114159

(OFFICIAL SEAL)

_____
Notary Public
Type Of Identification: TX DL NO. 21114159
My commission expires _____, 20_____

3

SAN ANTONIO TX 780
RIO GRANDE DISTRICT

FILED
IN THE COURT OF APPE...
XT... SAN ANTONIO, TE...

2017 NOV -1 PM 1:58

KEITH E. HOTTLE, CLERK

BEXAR COUNTY JUDICIAL DISTRICT JUSTICE
FOURTH COURT OF APPEALS
300 Dolorosa #3200
San Antonio, TX 78205

78205-303799

Carlos A Raymond
8054 Silver Grv
San Antonio, TX 78254-5732